Hillsborough,
    Dec., 1896.

SCHMIDT & a., *Ap'ts*, v. ELLIS & a.

The probate court has jurisdiction of an assignment in insolvency by a partnership owning property and doing business in this state, although one of the partners is a non-resident.

APPEAL, from the decree of the judge of probate, adjudging the defendants insolvent. Facts agreed. In 1892, the defendants, Ellis of Manchester and Tirrell of Boston, Massachusetts, began business in Manchester as copartners under the name of Ellis & Co. All the business of the firm has been done in Manchester, and they have had elsewhere no partnership property. In August, 1895, their property was attached by the plaintiffs, and in September following, upon their own petition, the firm was decreed insolvent. The plaintiffs assign as the reason for their appeal that the decree is invalid because one of the defendants is not a resident of the state.

*Burnham, Brown & Warren* and *Drury & Peaslee,* for the plaintiffs.

*David A. Taggart,* for the defendants.

CARPENTER, C. J. The statute providing that "the insolvency of a partnership shall render each partner insolvent within the meaning of this chapter, and his property . . . shall pass to the messenger and assignee appointed in the partnership proceedings" (P. S., c. 201, s. 46) is applicable to such partners only as reside in the state. The insolvency court has no jurisdiction of non-resident debtors. P. S., c. 201, ss. 6, 42; *Ayer* v. *Weeks,* 65 N. H. 248; *Smith* v. *Stanley,* 67 N. H. 328; *Smith* v. *Hammond,* 68 N. H. 363. Tirrell individually and his private property are not affected by the decree. But his exemption from the operation of the law does not deprive the court of its jurisdiction over Ellis, his individual property, and the partnership property in his possession. No more does the circumstance that Tirrell's separate property cannot be here administered and distributed among his creditors afford any reason why the property of Ellis and of the firm should be "screened from the operation of the insolvent law." *McDaniel* v. *King,* 5 Cush. 469, 476.

*Appeal dismissed.*

All concurred.